# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed April 27, 1904.

ANDREW J. FRANKLIN
VS.
UNITED RAILWAYS AND ELECTRIC COMPANY OF BALTIMORE.

*William Colton* for plaintiff.
*Geo. Dobbin Penniman* for defendant.

STOCKBRIDGE, J.—

The demurrer to the plea in this case depends for its determination upon the constitutionality vel non of Chapter 139 of the Acts of Assembly of 1902.

This act had for its purpose the creation and maintenance of a co-operative insurance fund in the hands and under the supervision of the State Insurance Commissioner for the benefit of employees in certain enumerated lines of employment. It required the employers in these occupations to pay into the hands of the Insurance Commissioner a certain sum for each employee in service, and in the event of death from or as the result of accident made, the sum of $1,000, payable to the widow or children of the deceased, as the Insurance Commissioner should think fit.

The act provided for the payment of the death benefit in two classes of cases in which there was previously no right of action, viz: Where the death resulted from the negligence of a fellow servant, and where the deceased had by his own negligence directly contributed to his death. But for the handling and disbursement of this entire fund, "plenary power" was lodged in the hands of the Insurance Commissioner, thus investing him with judicial, or quasi-judicial, "powers, and that without any provision for a trial by a jury or any right of appeal from his conclusions."

Had the act stopped here it might well have been argued that inasmuch as it provided for a fund for the benefit of certain widows and orphans who would otherwise be remediless, it was within the power of the legislature to place the administration of that fund in the hands of such officials as it might see fit. But the act did not stop with the provisions already referred to, but also embraced cases where the death had been caused by the negligence of the employer, cases where there would be a clear right of action in the courts under the existing law. It also enacted that employers who made the payments provided in the act should by such payments be exempted from further liability.

The effect of the act was therefore not only to vest in the Insurance Commissioner powers and 'functions essentially judicial in their character, but to take away from citizens a legal right which they had therefore enjoyed, and which could be enforced by them in the courts; and also to deny to them the right to have their cases heard before a jury. It is only necessary to clearly understand the provisions of this act to, see that they are in direct conflict with several of the provisions of the Constitution of the State.

Thus Article 5 of the Declaration of Rights assures to the people the right of trial by jury (Knee vs. City Passenger Railway Company, 87 Md., 624) ; Article 19 gives to every one for injury done to him in his person or property a remedy by the course of the law of the land. Yet both of these guarantees are completely ignored by the act in question.

Without prolonging the matter, therefore, it is clearly evident that the act in question is framed in total disregard of the provisions of the Constitution ; that the act must be declared void and the demurrer sustained.